# UNITED STATES DISTRICT COURT

__WESTERN__ District of __ARKANSAS__

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| V. | |
| TRAVIS ALLEN BLOUNT, JR. | Case Number:  3:15CR30002-001 |
| | USM Number:  27405-045 |
| | James B. Pierce |
| | Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s)  __2, 7, 16, 18, 20 of the Superseding Indictment on May 19, 2015__

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. §§ 1341 & 2 | Mail Fraud; Aiding and Abetting | 05/02/2013 | 2 |
| 18 U.S.C. §§ 1343 & 2 | Wire Fraud; Aiding and Abetting | 04/01/2013 | 7 |
| 18 U.S.C. §§ 1957(a) & (d) | Money Laundering | 09/29/2014 | 16 |
| 18 U.S.C. §§ 1957(a) & (d) | Money Laundering | 09/08/2014 | 18 |
| 18 U.S.C. §§ 922(g)(1) & 924(a)(2) | Possession of a Firearm by a Prohibited Person | 01/22/2015 | 20 |

     The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed within the statutory range and the U.S. Sentencing Guidelines were considered as advisory.

☐ The defendant has been found not guilty on count(s) _____

X Counts 1, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 17, 19 of the Superseding Indictment are dismissed upon the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

January 5, 2016
Date of Imposition of Judgment

/S/ P. K. Holmes, III
Signature of Judge

Honorable P. K. Holmes, III, Chief United States District Judge
Name and Title of Judge

January 8, 2016
Date

AO 245B  Case 3:15-cr-30002-RKH-MEF   Document 86   Filed 01/08/16   Page 2 of 6 PageID #: 795
(Rev. 09/08) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 6

DEFENDANT: TRAVIS ALLEN BLOUNT, JR.
CASE NUMBER: 3:15CR30002-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**one-hundred twenty (120) months on Count Two; one-hundred twenty (120) months on Count Seven, terms to run concurrently; eighteen (18) months on Count Sixteen, term to run consecutive to Counts Two and Seven; eighteen (18) months on Count Eighteen, term to run consecutive to Count Sixteen; nineteen (19) months on Count Twenty, term to run consecutive to Count 18, so as to comprise of a total term of imprisonment of one-hundred seventy-five (175) months.**

☐ The court makes the following recommendations to the Bureau of Prisons:

X   The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B Case 3:15-cr-30002-RKH-MEF Document 86 Filed 01/08/16 Page 3 of 6 PageID #: 796
(Rev. 09/08) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 6

DEFENDANT: TRAVIS ALLEN BLOUNT, JR.
CASE NUMBER: 3:15CR30002-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **three (3) years on each count, terms to run concurrently.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: TRAVIS ALLEN BLOUNT, JR.
CASE NUMBER: 3:15CR30002-001

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall not incur any new debt nor establish any bank or credit accounts without receiving prior approval from the U.S. Probation Office, and shall make any information concerning his financial status available to the probation officer upon request.

DEFENDANT: TRAVIS ALLEN BLOUNT, JR.
CASE NUMBER: 3:15CR30002-001

DEFENDANT: TRAVIS ALLEN BLOUNT, JR.
CASE NUMBER: 3:15CR30002-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 500.00 | $ - 0 - | $ 906,665.11 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional allotment, unless specified otherwise in the priority order or percentage payment column below. Victims who jointly owned a vehicle or who jointly suffered the same loss will be treated as a single victim for determining restitution allotments. All Priority 1 victims shall be paid in full before restitution is paid to Priority 2 victims. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

Restitution owed to Ben Blunk and to Frank Kauffman shall depend on who ultimately receives vehicle ownership. Should Ben Blunk ultimately receive ownership of the vehicle and title involved, the defendant's restitution shall be reduced by the $23,000 owed to Blunk; should Frank Kauffman ultimately receive ownership of the vehicle and title, the defendant's restitution shall be reduced by the $32,000 owed to Kauffman.

Restitution owed to Philadelphia Indemnity Insurance Company for payment on Mary and Tony Bland's insurance claim and to Otis "Joe" Reynolds shall depend on who ultimately receives vehicle ownership. Should Philadelphia Indemnity Insurance Company ultimately receive ownership of the vehicle and title involved, the defendant's restitution shall be reduced by the $31,500 owed to the insurer; should Otis "Joe" Reynolds ultimately receive ownership of the vehicle and title involved, the defendant's restitution shall be reduced by the $19,000 owed to Reynolds.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| See attached list of victims and restitution owed to each | | | |
| **TOTALS** | $ | $ 906,665.11 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  X  the interest requirement is waived for the   ☐ fine   X restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:  TRAVIS ALLEN BLOUNT, JR.
CASE NUMBER:  3:15CR30002-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  X  Lump sum payment of $ __907,165.11__ due immediately, balance due

    ☐ not later than _____ , or
    X  in accordance with  ☐ C,  ☐ D,  ☐ E, or  X  F below; or

**B**  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  X  Special instructions regarding the payment of criminal monetary penalties:

If the defendant is unable to pay the full amount immediately, any unpaid penalty must be paid during incarceration at a rate determined by Bureau of Prisons Policy. After incarceration, payment of any unpaid financial penalty will become a special condition of supervised release with the remaining balance to be paid in monthly installments of **$500** or **10%** of the defendant's net monthly household income, whichever is greater, with the entire balance to be paid in full one month prior to the end of the period of supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, an and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.