UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES OF AMERICA                                                            PLAINTIFF

v.                                            No. 3:15-CR-30002-001

TRAVIS ALLEN BLOUNT, JR.                                                          DEFENDANT

## OPINION AND ORDER

Defendant Travis Allen Blount, Jr. filed a second motion (Doc. 155) to reduce his sentence following the First Step Act amendments to 18 U.S.C. § 3582(c). The Government filed a response (Doc. 156). The motion will be denied.

The Court may modify a term of imprisonment on motion by a defendant if the defendant has exhausted BOP administrative remedies or that process has stalled, extraordinary and compelling reasons consistent with Sentencing Commission policy statements warrant the modification, and a consideration of 18 U.S.C. § 3553(a) factors supports modification. 18 U.S.C. § 3582(c).

In 2016, the Court sentenced Defendant to a term of imprisonment of 175 months—the highest end of his recommended guidelines range. Defendant engaged in an extensive and complicated fraud scheme involving the buying and selling on consignment of valuable vehicles. As part of the scheme, Defendant transported vehicles across state lines and sold them on behalf of others for less than the agreed amount, or never actually produced a vehicle or title to buyers. Defendant targeted nearly 100 victims (some with relevant vulnerabilities known to Defendant) and relied on his extensive knowledge of vehicles to lure the victims into the fraud. Defendant had an extensive criminal history of fraud and property theft. Prior incarceration for these offenses had not deterred repeated misconduct, so the Court determined a substantial sentence was

necessary to protect the public from Defendant's recidivism.

On July 17, 2020, Defendant filed his first motion to reduce his sentence. The Court denied Defendant's motion because consideration of the § 3553(a) factors weighed against reduction. The Court noted Defendant continued to pose a risk to the public and Defendant's reentry plan increased the Court's concern that Defendant would recidivate. Specifically, the Court was concerned that Defendant intended to reside with his wife, who was a codefendant in the scheme to defraud, and work for an agency involved in repossessing and towing automobiles. The Court found that a "sentence modification reuniting Defendant with a coconspirator in his complicated vehicle theft scheme that simultaneously gives him access to tools and opportunities that can easily facilitate renewed vehicle thefts from vulnerable victims would not protect the public." (Doc. 148, p. 2). The Court denied Defendant's first motion without prejudice to the BOP making its own motion under § 3582 provided such a motion included a reentry plan that addressed Defendant's risk of recidivism.

Defendant's current motion does not indicate he has exhausted his administrative remedies, nor does it include a different reentry plan. Further, consideration of the § 3553(a) factors again weighs decidedly against modification.

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 155) to reduce his sentence is DENIED.

IT IS SO ORDERED this 4th day of March, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE